## FLOYD v. OWEN.
### No. 4379.

Circuit Court of Appeals, Fourth Circuit.
Oct. 18, 1938.

T. Lanier, of Oxford, N. C., and J. M. Broughton, of Raleigh, N. C., for appellant.

A. W. Gholson, Jr., of Henderson, N. C., and James W. Blanks, of Clarksville, Va. (T. P. Gholson, of Henderson, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

PER CURIAM.

This is an action at law brought in the District Court of the United States for the Eastern District of North Carolina in November, 1937, by the appellee, Noel Owen, a citizen of the State of Virginia, here referred to as the plaintiff, against the appellant J. P. Floyd, a citizen of the State of North Carolina, here referred to as the defendant. The object of the action was to recover damages in the amount of $15,000 for personal injuries suffered by the plaintiff in an automobile accident that occurred in the city of Oxford, North Carolina, in September, 1937, and $400 damages to the automobile owned by the plaintiff.

A trial was had, before a jury, in March, 1938, and a verdict was returned in favor of the plaintiff in the amount of $1,800 upon which verdict judgment was entered by the court below and from this action this appeal was brought.

There was a direct conflict in the evidence offered at the trial on behalf of the plaintiff and the defendant. The evidence was conflicting as to the position of the cars when they entered the intersection of the street where the accident occurred; the rate of speed of the cars in which the plaintiff and the defendant were riding at the time of the accident; whether the defendant stopped before entering the intersection; whether the driver of plaintiff's car could have seen the car of the defendant approaching the intersection; and as to many other matters of fact at issue.

The main point upon which the defendant relies on this appeal is that the driver

of plaintiff's car was, as a matter of law, guilty of contributory negligence in not observing the approach of the defendant's car in time to have stopped and avoided the accident and that the evidence showed that the driver of plaintiff's car could have seen the car driven by the defendant approaching the intersection.

The driver of plaintiff's car testified that he did look but did not see defendant's car approaching. The evidence is so conflicting that it cannot be said that defendant's car was in a place where it could have been seen when the driver of plaintiff's car looked. The trial court properly left the determination of these various conflicting questions of fact to the jury. Courts are loath to invade the province of the jury as to questions of fact and under the circumstances of the case, as shown by the record, we cannot say that the plaintiff was guilty of contributory negligence as a matter of law. Other questions were raised on behalf of the defendant but they do not merit discussion. There was sufficient evidence on behalf of the plaintiff to take the case to the jury and the judgment of the court below is accordingly affirmed.

Affirmed.